OPINION *Page 2 
{¶ 1} Defendant-appellant Reccardo D. Semedo appeals his conviction following a jury trial on one count of possession of crack cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENTS AND THE FACTS AND CASE {¶ 2} On the evening of December 8, 2005, Officer Steven Swank, a member of the Gang Task Force of the Canton Police Department, was on patrol in a marked K-9 police vehicle in a known high-crime area. Officer Swank was advised by fellow Gang Task Force member Officer Sean Overdorf, who was working that night in an unmarked police car, that Overdorf had witnessed a red S10 pickup truck fail to signal a turn at a nearby intersection. Officer Swank observed the pickup truck pull into a parking lot where Swank was already stationed and parked. Officer Swank activated his lights and exited his police cruiser.
 {¶ 3} As he approached the pickup truck, Officer Swank recognized the driver of the pickup truck as the appellant, and knew that appellant did not have a valid driver's license. Officer Overdorf approached the scene, and Officer Swank advised Overdorf that appellant did not have a valid driver's license. Officer Overdorf told appellant, who had already exited the pickup truck, that he was under arrest, and instructed appellant to put his hands on the hood of the car. Officer Swank observed the appellant put his hand in his right pants pocket, and so advised Officer Overdorf, who ordered appellant several times to remove his hand from his pocket . Eventually appellant removed his hand from *Page 3 
his pocket and placed it on the hood, balled up. Officer Swank testified that it appeared that appellant had something in his hand, and so advised Officer Overdorf. Appellant was told several times to open his hand, at which time he put his hand underneath his body and laid on it on the hood of the car.
 {¶ 4} Officer Overdorf ordered appellant to pull his hand out to show what he had in his hand and a struggle ensued. Appellant was pulled to the ground, at which time Officer Swank observed the appellant drop something to the ground. Officer Swank discovered a burnt piece of Chore Boy[1] and one dime. Appellant was placed under arrest and searched. Officer Swank found a small baggy containing crack cocaine in appellant's right pants pocket, as well as two pieces of car antennae that had been used as crack pipes. Appellant was charged with possession of crack cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree.
 {¶ 5} The case proceeded to trial on March 27, 2006. Officer Swank identified State's Exhibit 1 as the evidence bag in which he had placed the baggy containing crack cocaine and the crack pipes. Mr. Jay Spencer, of the Canton-Stark County Crime Lab, testified that the substance in the baggy was, in fact, crack cocaine. Mr. Spencer testified further that the crack pipes contained crack cocaine residue. At the conclusion of the State's case, State's Exhibit 1 was admitted into evidence with no objection from the appellant. On March 28, 2006, the jury found appellant guilty of possession of crack cocaine, and he was *Page 4 
sentenced to twelve (12) months in prison. Appellant appeals, setting forth the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED BY NOT EXCLUDING PHYSICAL EVIDENCE THAT WAS NOT PROPERLY AUTHENTICATED.
 {¶ 7} "II. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 I {¶ 8} In his first assignment of error, the appellant argues that there was a significant break in the chain of custody of the evidence insofar as the evidence bag was not received by the crime lab until December 15, 2005, seven (7) days after appellant's arrest. In addition, appellant argues that a cloth with burn marks which was not included in the list of the evidence bag's contents was found in the bag when it was opened at trial. Finally, appellant argues that the burnt Chore Boy was not inside the evidence bag at the time of trial. Appellant did not cross-examine the State's witnesses at trial about the seven (7) day lapse in time between appellant's arrest and submission of the evidence bag to the crime lab, the burnt cloth found in the evidence bag at trial, or the fact that the Chore Boy was not inside the evidence bag at the time of trial. Appellant nonetheless argues that the evidence should have been excluded by the trial court. We disagree.
 {¶ 9} The admission or exclusion of evidence rests within the sound discretion of the trial court, and will not be reversed on appeal absent an abuse *Page 5 
of discretion. State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of syllabus. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 10} The appellant did not move to exclude the evidence or otherwise object to the admission of the evidence at trial. The appellant has therefore waived all but plain error in the admission of the evidence.
 {¶ 11} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452. An alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz, 84 Ohio St.3d 452, 455,1999-Ohio-464, 705 N.E.2d 329.
 {¶ 12} The chain of custody is part of the authentication or identification process set forth in Evid. R. 901, which provides in pertinent part: "(A) the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The state is not required to prove a perfect, unbroken chain of custody. State v. Bias, Licking App. No. 02-CA-00044, 2002-Ohio-4539, at ¶ 11, citing State v. Keene, 81 Ohio St.3d 646, 1998- *Page 6 
Ohio-342, 693 N.E.2d 246. A break in the chain of custody, if any, goes to the weight or credibility of the evidence, and not its admissibility. Id., citing State v. Barzacchine (1994), 96 Ohio App.3d 440,645 N.E.2d 137.
 {¶ 13} In the case sub judice, Officer Swank testified that the plastic baggy that contained crack cocaine offered at trial was the same bag he confiscated from appellant on the night appellant was arrested. Officer Swank also identified that the two crack pipes made from car antennas offered at trial were the crack pipes he confiscated from appellant. Officer Swank identified the evidence bag as containing the report number that was assigned to it, and he identified his signature and initial and the date on the evidence bag. In addition, Jay Spencer of the Canton-Stark County Crime Lab, testified that the substance in the baggy was, in fact, crack cocaine, and that the crack pipes contained crack cocaine residue.
 {¶ 14} The trial court did not commit plain error when it allowed admission of the evidence, and the appellant's first assignment of error is overruled.
 II {¶ 15} In his second assignment of error, appellant argues that the trial court's finding of guilty was against the manifest weight of the evidence and was not supported by sufficient evidence. We disagree.
 {¶ 16} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the *Page 7 
evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, superceded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355,684 N.E.2d 668. In effect, the appellate court sits as a "thirteenth juror" and "disagrees with the factfinder's resolution of the conflicting testimony." Thompkins at 387. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1. The standard is difficult to meet, as the rule is necessary "to preserve the jury's role with respect to issues surrounding the credibility of witnesses." Thompkins at 389.
 {¶ 17} Sufficiency of the evidence, on the other hand, is a question of law on whether the evidence is legally adequate to support a jury verdict as to all elements of a crime. Thompkins, supra, at 386. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The Ohio Supreme Court recently spoke on the issue of sufficiency in the case of State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815,848 N.E.2d 810: *Page 8 
"In reviewing a record for sufficiency `[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus [superceded by constitutional amendment on other grounds as state by Smith, supra.], following Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. The weight to be given the evidence and the credibility of witnesses are primarily jury issues. State v.Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819; State v.DeHass (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212."Conway at ¶ 42.
 {¶ 18} R.C.2925.11(A) states that no person shall knowingly obtain, possess, or use a controlled substance. Officer Swank testified that after the decision was made to arrest appellant, appellant was searched. A baggy containing a substance identified as crack cocaine by the Canton-Stark Crime Lab was found in appellant's pocket. Two crack pipes fashioned from car antenna, identified as containing crack cocaine residue by the Canton-Stark Crime Lab, were found in appellant's pocket. This evidence supports the finding that appellant possessed crack cocaine, and the trial court's finding of guilty was not against the manifest weight of the evidence or the sufficiency of the evidence. Appellant's second assignment of error is overruled. *Page 9 
 {¶ 19} The decision of the Stark County Court of Common Pleas is hereby affirmed.
Wise, P.J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A Chore Boy is a metallic scouring pad that is torn into small pieces and used to block the end of a crack pipe in order to smoke crack cocaine. *Page 1