DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Coran Harris, appeals his conviction out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On September 22, 2003, appellant was indicted in case number CR 2003-09-2787 on one count of aggravated possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree; one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; one count of obstructing official business in violation of R.C.2921.31(A), a misdemeanor of the second degree; and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. On July 20, 2004, appellant was indicted in case number CR 2004-07-2327 on one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; and one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. Appellant entered pleas of not guilty to all six counts, and the two cases were consolidated for trial on October 28 and 29, 2004. Appellant moved for acquittal pursuant to Crim.R. 29 at the conclusion of the State's case-in-chief and again at the conclusion of trial. The trial court denied both motions.
 {¶ 3} The jury returned verdicts of not guilty of the counts of burglary and assault, but found appellant guilty of the counts of aggravated possession of drugs, tampering with evidence, obstructing official business, and use or possession of drug paraphernalia. The trial court sentenced appellant accordingly. Appellant timely appeals his conviction, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S ORAL MOTION FOR DIRECTED VERDICT PURSUANT TO CRIMINAL RULE 29 BECAUSE THE APPELLEE PRESENTED INSUFFICIENT EVIDENCE IN ORDER TO MEET EACH AND EVERY ELEMENT OF THE OFFENSES OF AGGRAVATED POSSESSION OF DRUGS, ILLEGAL USE OR POSSESSION OF DRUG PARAPHERNALIA AND TAMPERING WITH EVIDENCE."
 {¶ 4} Appellant argues that the State failed to present sufficient evidence to establish that appellant committed the offenses of aggravated possession of drugs, illegal use or possession of drug paraphernalia, and tampering with evidence.[1] Accordingly, appellant argues that the trial court erred by failing to grant his Crim.R. 29 motions for acquittal. This Court disagrees.
 {¶ 5} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a trial court's ruling on a Crim.R. 29(A) motion for acquittal, this Court construes the evidence in a light most favorable to the State. State v. Wolfe (1988),51 Ohio App.3d 215, 216.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752.
 {¶ 6} The test for sufficiency requires a determination of whether the State has met its burden of production at trial. State v. Walker (Dec. 12, 2001), 9th Dist. No. 20559; See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 390.
 {¶ 7} Appellant was convicted of one count each of aggravated possession of drugs, tampering with evidence, and illegal use of possession of drug paraphernalia.
 {¶ 8} Aggravated possession of drugs, pursuant to R.C. 2925.11, prohibits any person from knowingly obtaining, possessing, or using a controlled substance.
 {¶ 9} R.C. 2921.12(A)(1), tampering with evidence, states that
"[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
 {¶ 10} R.C. 2925.14(C)(1), illegal use or possession of drug paraphernalia, states that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia."
 {¶ 11} At trial, Officer Jude Carroll of the Akron Police Department testified that, on September 12, 2003, at approximately 2:00 a.m., he observed a motorcycle traveling at a high rate of speed on a street in Akron. Officer Carroll ran the motorcycle's license plate and learned that the owner of the motorcycle had a suspended driver's license. The officer received a general description of the motorcycle's owner and found that the driver matched the general description. Officer Carroll followed the motorcycle to a nearby gas station, where he approached appellant, who had been operating the motorcycle.
 {¶ 12} Officer Carroll testified that he was able to speak five or six words to appellant, when appellant ran away. Officer Carroll called dispatch for back up support. The officer testified that appellant slowed down as he ran across a bridge and that appellant threw "something" through a gap between the fences surrounding the bridge. Officer Carroll was able to apprehend appellant when he slowed down on the bridge.
 {¶ 13} Officer Carroll testified, and photographs admitted into evidence demonstrated, that the grassy and rocky roadside of Interstate 77 lay directly below the gap in the fence, where appellant threw "something." When Officers Adam Lemonier and Michael Orrand of the Akron Police Department appeared on the scene shortly after Officer Carroll called for back up, Carroll directed them to search the area below the gap in the bridge's fences for anything appellant might have thrown.
 {¶ 14} Officers Lemonier and Orrand testified that they searched the limited area directly below the Wolf Ledges bridge, where Officer Carroll told them appellant had thrown "something." Officer Lemonier testified that he had a flashlight to facilitate his search. He found a small bag of a substance which appeared to be crystal methamphetamine. He tested the substance at the site and confirmed that it was crystal methamphetamine. Appellant stipulated at trial that the substance in the bag was in fact methamphetamine. Officer Lemonier testified that the bag containing the drugs as submitted into evidence was in the same state as when he found it. Upon observation by this Court, the bag of methamphetamine appeared clean and untorn. The bag does not appear to have been exposed to the elements on the side of a roadway for any significant period of time.
 {¶ 15} Officer Orrand testified that he found a metal crack pipe on the roadside under the gap in the bridge. He testified that the pipe did not appear to have been on the roadside very long. It was lying on top of gravel and did not appear to have been run over by road traffic. Officer Orrand asserted that, although he referred to the pipe in laymen's terms as a "crack" pipe, the pipe could reasonably be used to smoke any number of types of narcotics, including methamphetamine.
 {¶ 16} Although appellant presented evidence and testimony in regard to the charges of burglary and assault, he presented no defense to the remaining counts of aggravated possession of drugs, tampering with evidence, obstructing official business, and illegal use or possession of drug paraphernalia.
 {¶ 17} Based on the evidence presented at trial, this Court finds that there was sufficient evidence, when construed in a light most favorable to the prosecution, to convince an average person that appellant was guilty of aggravated possession of drugs, tampering with evidence, and illegal use or possession of drug paraphernalia beyond a reasonable doubt. Appellant ran away from the police as soon as Officer Carroll began to speak to him. The Ohio Supreme Court has held that flight, resistance to arrest, concealment, and related conduct are admissible as evidence of consciousness of guilt. State v. Williams (1997),79 Ohio St.3d 1, 11.
 {¶ 18} Officer Carroll saw appellant throw something from the bridge. Officers Lemonier and Orrand found a small bag of drugs and a pipe, which could be used for smoking the drugs, in the area below the bridge, where appellant was seen to throw something. The drugs were tested and determined to be methamphetamine, a schedule II controlled substance. Both the bag of methamphetamine and the pipe were in a condition to indicate that they had been on the roadside of the highway for only a short period of time. Only a small amount of methamphetamine and a single pipe were found, reasonably indicating that the drugs were possessed for the purpose of personal consumption. Under these circumstances, this Court finds that the trial court did not err by finding that the State presented sufficient evidence to submit the matter to the jury and, therefore, by denying appellant's oral motions for acquittal pursuant to Crim.R. 29(A). Appellant's assignment of error is overruled.
 III. {¶ 19} Appellant's assignment of error is overruled. Appellant's convictions out of the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Moore, J. concur.
[1] The jury also found appellant guilty of the offense of obstructing official business, but appellant does not challenge his conviction for that offense.