JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} The State of Ohio appeals from the sentence imposed upon defendant-appellee Tradero Terry following his plea of guilty to one count of attempted felonious assault and two counts of felonious assault. The state urges that the court failed to impose a sentence commensurate with the seriousness of the offenses and the severe nature of the victims' injuries, as required by R.C. 2929.11 and 2929.12. We lack jurisdiction to address these arguments.
 Procedural History {¶ 2} Appellee was charged with three counts of felonious assault and one count of escape in an indictment filed April 6, 2005. The case was transferred to the mental health docket on April 29, 2005, and appellee was referred to the court psychiatric clinic for competency and sanity evaluations.
 {¶ 3} On March 16, 2006, appellee entered a plea of guilty to two counts of felonious assault and an amended charge of attempted felonious assault. The court referred the appellee for a presentence investigation and report, to include a chemical dependency assessment and cognitive/intelligence testing. In addition, the court requested a psychiatric recommendation regarding sentencing.
 {¶ 4} On April 20, 2006, the court conducted its sentencing hearing. The court indicated that the psychiatric clinic had concluded that the behavior which led to the present charges was the result of a psychotic episode induced by PCP. The court heard from the daughter of one of the victims, a psychiatric nurse. The *Page 3 
daughter reported that appellee beat her mother severely, rendering her unconscious. Her mother was out of work for seven weeks, and continued to suffer from panic attacks, insomnia and neurological problems. Appellee said he was sorry for what happened, but he did not remember what happened.
 {¶ 5} The court stated that the fact that appellee's behavior was drug-induced suggested that rehabilitation was possible. He had been in custody for more than one year and his behavior had been exemplary. He had no history of violence before this incident. The court placed the appellee on community control for a period of five years on condition that he participate in a long-term inpatient substance abuse treatment program, followed by house arrest for a period of six months. He was to be tested regularly and randomly for drug and alcohol use, and participate in aftercare as recommended by his treatment providers. Finally, he was to make restitution to his victims and pay a supervision fee and court costs.
 Law and Analysis {¶ 6} Under R.C. 2953.08(B), "a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony * * * on any of the following grounds: (1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925 of the Revised Code. (2) The sentence is contrary to law. (3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first *Page 4 
the first or second degree."
 {¶ 7} The sentence imposed here is not a modification under the judicial release statute, R.C. 2929.20. Therefore, R.C. 2953.08(B)(3) clearly does not provide the jurisdictional basis for the state's appeal.
 {¶ 8} The state argues that the sentence imposed by the court did not reflect the seriousness of the offenses or the severe nature of the injuries appellee inflicted on the victim, as required by R.C. 2929.11
and 2929.12. Notably, the state does not complain that the court failed to impose a presumptive prison term under R.C. 2929.13(D), although a term of imprisonment was statutorily presumed to be necessary for the two second-degree felonies to which appellant plead guilty. Nor can the state's argument be construed to claim that the trial court's decision was contrary to law. At best, the state claims that the court failed to give sufficient weight to two factors. This is not a matter appealable by the state under R.C. 2953.08(B). Cf. State v. White, Greene App. No. 04CA120, 2005-Ohio-5906, T|28 ("`Contrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider.").
 {¶ 9} Nor is the sentence imposed a matter appealable as of right under R.C. 2945.67.[1] The state did not seek leave to appeal. Therefore, we lack jurisdiction to address the state's arguments and must dismiss this appeal. *Page 5 
 {¶ 10} Lacking jurisdiction, we have no power to address the court's failure to make the findings necessary to overcome the presumption in favor of a prison term under R.C. 2929.13(D), even as plain error.
Dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J. CONCUR
[1] A prosecuting attorney may appeal as a matter of right under R.C.2945.67 any decision which "grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * *." *Page 1