DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jermaine Goodwin, appeals his conviction and sentence out of the Summit County Court of Common Pleas. This Court affirms, in part, and reverses, in part.
 I. {¶ 2} Goodwin was indicted by the Summit County Grand Jury on April 17, 2006, on eight counts, to wit: one count of escape in violation of R.C. 2921.34(A), a felony of the third degree; one count of failure to comply with order or signal of a police officer in violation of R.C.2921.331(B), a felony of the third degree; one count of having weapons under disability in violation of R.C. *Page 2 2923.13(A)(2), a felony of the third degree; one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; one count of possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree; one count of reckless operation in violation of R.C. 4511.20, a minor misdemeanor; and one count of improper registration in violation of R.C. 4549.08, a minor misdemeanor. The matter proceeded to trial. Goodwin moved for a judgment of acquittal pursuant to Crim.R. 29 at the conclusion of the State's case-in-chief and again at the conclusion of the defendant's case-in-chief. The trial court denied both motions. At the conclusion of trial, the jury found Goodwin guilty of the first six counts. The trial court found Goodwin guilty of the two minor misdemeanors. The trial court purportedly sentenced Goodwin accordingly.
 {¶ 3} Goodwin appealed. This Court dismissed his appeal for lack of a final, appealable order because the trial court failed to impose sentences for the two minor misdemeanors. State v. Goodwin, 9th Dist. No. 23337, 2007-Ohio-2343.
 {¶ 4} Upon remand, on May 31, 2007, the trial court sentenced Goodwin to one year in prison on each of the felony counts, six months in jail on the charge of resisting arrest, and ordered fines on the two minor misdemeanor counts. The trial court ordered that Goodwin shall serve the sentences for counts one, two and *Page 3 
three consecutive to each other. The trial court ordered that all remaining sentences would be served concurrently with one another and the first three counts. Goodwin timely appeals, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
 "APPELLANT'S CONVICTION FOR COUNT TWO WAS BASED ON INSUFFICIENT EVIDENCE."
 {¶ 5} Goodwin argues that his conviction for count two, the charge of failure to comply with order or signal of a police officer, was based on insufficient evidence. This Court disagrees.
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752.
 {¶ 6} The test for sufficiency requires a determination of whether the State has met its burden of production at trial. State v. Walker (Dec. 12, 2001), 9th Dist. No. 20559; See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 390.
 {¶ 7} Goodwin was convicted of failure to comply with order or signal of a police officer in violation of R.C. 2921.331(B), which states that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's *Page 4 
motor vehicle to a stop." The Grand Jury indicted this offense as a felony of the third degree. R.C. 2921.331(C)(5)(a)(ii) states:
 "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 8} R.C. 2901.01(5) defines "serious physical harm to persons" as any of the following:
 "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 "(b) Any physical harm that carries a substantial risk of death;
 "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 9} R.C. 2901.01(6) defines "serious harm to property" as any physical harm to property that either:
 "(a) Results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace;
 "(b) Temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time." *Page 5 
 {¶ 10} A "substantial risk" is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(8).
 {¶ 11} At trial, Officer Eric Wagner of the Akron Police Department testified that he was on patrol with his partner in car 18 on April 9, 2006, at 10:22 p.m., when he observed an Oldsmobile Cutlass that appeared to have no license plate. Officer Wagner further testified as follows. The police activated the lights and siren on car 18, but the Cutlass continued on the roadway. The driver, identified as Goodwin, looked back and made a "forward" or furtive movement in the vehicle. After traveling another block, Goodwin stopped the Cutlass with his foot on the brake rather than by placing the car in park. Officer Wagner approached Goodwin's car and asked him to turn off the engine. Instead of turning off the car, Goodwin "hit the gas and took off[.]"
{¶ l2} Officer Wagner and his partner initiated a chase of Goodwin's vehicle, with their lights and siren activated. During the chase, car 18 was traveling at 70 m.p.h. and still trying to catch up to Goodwin's vehicle. Goodwin was driving with his own headlights turned off. Officer Wagner testified that the lack of lights is "an indication of somebody trying to elude us so we wouldn't be able to see them." Goodwin turned on to Storer in a residential area and exited the moving vehicle as it was still traveling at approximately 70 m.p.h. Goodwin's vehicle continued to travel without a driver until it traveled through some bushes *Page 6 
and finally struck a house. The house did not suffer any damage as a result of the crash. Goodwin's vehicle was still running when the police approached it after the crash.
 {¶ 13} Several other witnesses, including a neighbor and some police officers, testified that Goodwin jumped from a fast-moving vehicle in a residential area on Storer in Akron, Summit County, Ohio. These other witnesses also testified that Goodwin's vehicle struck a house.
 {¶ 14} Goodwin testified in his own defense. He admitted that he refused to turn off his car when asked and instead took off from the police. He further admitted that, after he took off, the police pursued him with both their lights and siren engaged. Goodwin, however, denied traveling on Storer. Rather, Goodwin testified that he ultimately brought his car to a stop in front of the Delia Market on Delia. Goodwin then testified that the police "Tasered [him] to death and [he] almost died." He testified that the next thing he remembered was waking up in a hospital.
 {¶ 15} This Court finds that the State presented sufficient evidence to allow any rational trier of fact to find beyond a reasonable doubt that Goodwin operated a motor vehicle so as willfully to elude the police after receiving both a visible and audible signal to stop. Goodwin admitted that he took off from the police instead of turning off his car, as requested. He admitted that the police pursued him with *Page 7 
lights and siren engaged. Officer Wagner testified that Goodwin was traveling in excess of 70 m.p.h., with his headlights turned off, in his effort to elude the police. {¶ 16} This Court further finds that the State presented sufficient evidence to allow any rational trier of fact to find beyond a reasonable doubt that Goodwin's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. No person suffered any serious physical harm as a result of Goodwin's actions. Furthermore, while some bushes were damaged, the house which his vehicle struck suffered no physical harm. However, there was sufficient evidence that Goodwin's operation of the vehicle under these circumstances caused a substantial risk of serious physical harm. There was sufficient evidence that Goodwin was traveling in excess of 70 m.p.h. at night with no headlights in a residential area. There was sufficient evidence that Goodwin jumped out of his fast-moving vehicle, allowing the vehicle to continue through a residential lawn with no means of controlling the vehicle. There is sufficient evidence to show that Goodwin's operation of the vehicle evidenced an "absolute disregard of public safety," as the State argued in its closing argument. Based on the evidence presented at trial, this Court finds that there was sufficient evidence, when construed in a light most favorable to the prosecution, to convince an average person that Goodwin was guilty beyond a reasonable doubt of the crime of failure to comply with order or signal of a police officer. Goodwin's first assignment of error is overruled. *Page 8 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT [ERRED] IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES WITHOUT CONSIDERING THE APPROPRIATE SENTENCING FACTORS."
 {¶ 17} Goodwin argues that the trial court erred by sentencing him to consecutive sentences without considering the appropriate sentencing factors in R.C. 2929.14(E). This Court disagrees.
 {¶ 18} In State v. Ortega, 9th Dist. No. 05CA008657, 2006-Ohio-2177, we held:
 "In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraphs three and four of the syllabus, the Ohio Supreme Court found R.C. 2929.14(E) to be unconstitutional and excised that section from the statute. State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19-20. This Court has construed the court in Foster as having excised R.C. 2953.08(G) for the same reason. Dudukovich at ¶ 20, citing Foster at ¶ 97.
 "Trial courts are no longer required to make the statutory findings listed in R.C. 2929.14(E) for the imposition of consecutive sentences. State v. Mathis, 109 Ohio St.3d 54, 846, 2006-Ohio-855, paragraph one of the syllabus. Foster `grant[ed] trial court judges full discretion to impose sentences within the ranges prescribed by statute.' Dudukovich at ¶ 19." Ortega at ¶ 29-30.
 {¶ 19} The trial court's sentencing entry imposed sentences prescribed by statute upon Goodwin and ordered them to be served consecutively. Based upon the foregoing, Goodwin's second assignment of error lacks merit and is overruled. *Page 9 
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT [ERRED] IN SENTENCING THE APPELLANT TO A FELONY OF THE THIRD DEGREE FOR COUNT ONE."
 {¶ 20} Goodwin argues that the trial court erred in sentencing him to a felony of the third degree for count one, escape. This Court agrees.
 {¶ 21} Goodwin did not raise this objection before the trial court. We previously stated, however, that
 "[w]hile Defendant failed to object below to this particular error, this type of error actually prejudices the State, not Defendant, and thus Defendant need not object below to preserve the issue on appeal." State v. Davis, 9th Dist. No. 21794, 2004-Ohio-3246, at ¶ 59, citing State v. Gleason (1996), 110 Ohio App.3d 240, 248.
 {¶ 22} Goodwin was indicted on one count of escape in violation of R.C. 2921.34(A), as a felony of the third degree. R.C. 2921.34(C) differentiates the level of the offense based on certain underlying circumstances, to wit:
 "(1) If the offender, at the time of the commission of the offense, was under detention as an alleged or adjudicated delinquent child or unruly child and if the act for which the offender was under detention would not be a felony if committed by an adult, escape is a misdemeanor of the first degree.
 "(2) If the offender, at the time of the commission of the offense, was under detention in any other manner, * * * escape is one of the following:
 "(a) A felony of the second degree, when the most serious offense for which the person was under detention * * * is aggravated murder, murder, or a felony of the first or second degree * * *;
 "(b) A felony of the third degree, when the most serious offense for which the person was under detention * * * is a felony of the third, fourth, or fifth degree or an unclassified felony * * *; *Page 10 
 "(c) A felony of the fifth degree, when any of the following applies:
 "(i) The most serious offense for which the person was under detention is a misdemeanor.
 "(ii) The person was found not guilty by reason of insanity, and the person's detention consisted of hospitalization, institutionalization, or confinement in a facility under an order made pursuant to or under authority of section 2945.40, 2945.401, or 2945.402 of the Revised Code.
 "(d) A misdemeanor of the first degree, when the most serious offense for which the person was under detention is a misdemeanor and when the person fails to return to detention at a specified time following temporary leave granted for a specific purpose or limited period or at the time required when serving a sentence in intermittent confinement."
 {¶ 23} R.C. 2945.75 addresses degrees of offenses and states, in relevant part:
 "(A) When the presence of one or more additional elements makes an offense one of more serious degree:
 "(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
 (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
 {¶ 24} In this case, Goodwin's indictment charged the offense of escape as a felony of the third degree, although it did not allege such additional elements, specifically that the most serious offense for which Goodwin was under detention *Page 11 
was a felony of the third, fourth, or fifth degree. Accordingly, the indictment properly charged a felony of the third degree.
 {¶ 25} The guilty verdict for the count alleging escape, however, neither states the degree of the offense, nor indicates that any additional element or elements are present to enhance the offense level of the charge. Accordingly, pursuant to R.C. 2945.75(A)(2), the guilty verdict constitutes a finding that Goodwin is guilty of the least degree of the offense charged, that being a misdemeanor of the first degree. See R.C. 2921.34(C)(2)(d).
 {¶ 26} In Davis, supra, at ¶ 59, this Court held that the guilty verdict on an enhanced offense is valid, where a trial court substantially complies with R.C. 2945.75(A) by either reading the indictment to the jury or by instructing the jury on the proper elements of the offense. In Davis, the trial court properly instructed the jury on only the enhanced level of the offense charged. Id. at ¶ 60. Accordingly, "[t]he jury had no choice but to either acquit or convict based on a proper instruction for the fourth degree felony." Id.
 {¶ 27} In this case, the trial court neither read the indictment to the jury nor instructed the jury on the proper elements of escape for a felony of the third degree. Specifically, the trial court instructed:
 "Now, in Count One, the defendant is charged with escape. Before you can find the defendant guilty of this offense, you must find beyond a reasonable doubt that on or about the 9th day of April, 2006, in Summit County, Ohio, the defendant, Jermaine Goodwin, knowing he was under detention or being reckless in that regard, purposely broke or attempted to break such detention, or purposely *Page 12 
failed to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
The trial court gave no instruction regarding the most serious offense for which Goodwin was under detention. Therefore, the jury could not have convicted Goodwin on anything more than the least degree of the offense of escape, specifically, a misdemeanor of the first degree. Accordingly, the trial court erred when it sentenced Goodwin to a felony of the third degree in regard to his conviction for escape. Goodwin's third assignment of error is sustained.
 III. {¶ 28} Goodwin's first and second assignments or error are overruled. Goodwin's third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed, in part, and reversed, in part as it relates to the third assignment of error, and remanded for further proceedings consistent with this decision.
Judgment affirmed, in part, reversed, in part, and remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 13 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to the parties equally.
 MOORE, J. DICKINSON, J. CONCUR. *Page 1