DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Rozell Woodson ("Woodson") appeals from his conviction and sentence in the Wayne County Court of Common Pleas. This Court affirms.
 I {¶ 2} On July 26, 2007, Wayne County police officers surrounded a residence on Cleveland Road in Wooster, Ohio while waiting for Officer Quinn McConnell to return to the residence with a search warrant. Officers suspected the house's occupants of drug activity and planned to search the house upon Officer McConnell's arrival. Before he returned, however, officers witnessed a gold *Page 2 
Dodge Stratus pull up to the house. The car contained three black males, two of whom remained in the car while a third exited the vehicle. The passenger who exited the vehicle approached the back of the house, disappearing from the officers' view. A short while later, the man returned to the Stratus and the vehicle pulled away from the residence.
 {¶ 3} Suspecting that the Stratus' occupants had engaged in a drug transaction at the Cleveland Road residence, officers at the scene radioed and requested that an available cruiser respond. Officer McConnell, returning with the search warrant, replied that he was in the area and proceeded to find and follow the Stratus. Officer McConnell activated his police cruiser's lights and the Stratus pulled into a nearby gas station parking lot. The driver of the Stratus continued to drive the vehicle slowly through the parking lot. Finally, the Stratus stopped and the front passenger's door swung open. Officer McConnell quickly stopped, exited his cruiser, and shouted for all the occupants to put their hands into the air. Despite this command, the front passenger closed the door and the vehicle began to move again. Officer McConnell reseated himself in his cruiser to follow. The Stratus came to a halt a few seconds later and all three occupants flung their respective doors open. The driver and front seat passenger then ran from the vehicle while the backseat passenger remained.
 {¶ 4} Officer McConnell stopped his cruiser and chased the two suspects on foot through a path between several trees at the back of the parking lot. He also *Page 3 
radioed for help and other officers arrived quickly. Officer McConnell continued to pursue one suspect, later identified as Bennie Woodson ("Bennie"), and eventually took him into custody. Meanwhile, Officer Bill Belcher arrived and ran after the other suspect, later identified as Woodson. Officer Belcher chased Woodson over two fences and was able to taser Woodson before he cleared the second fence. After Officer Belcher arrested Woodson, he found two cell phones, a small bag of marijuana, and approximately $2,000 in cash on his person.
 {¶ 5} Once the foot chase ended, officers searched the Stratus and the area along which Bennie and Woodson ran. They discovered a loaded revolver on the ground where Bennie and Woodson had run. Police also found marijuana in the center consol of the Stratus and a 12.55 gram bag of crack cocaine on the driver's seat.
 {¶ 6} On July 13, 2006, a grand jury indicted Woodson on the following charges: (1) drug possession, a felony of the second degree pursuant to R.C. 2925.11; (2) a forfeiture specification pursuant to R.C. 2925.42; and (3) obstruction of official business, a felony of the fifth degree pursuant to R.C. 2921.31. On October 16, 2006, Woodson filed a motion to join as a party to the motion to suppress that James Ballard filed in his criminal case. Ballard, the backseat passenger in the Stratus who never fled, filed his motion to suppress on August 28, 2006, and the trial court held a hearing on that motion on September 20, 2006. *Page 4 
 {¶ 7} The jury found Woodson guilty of complicity to possess crack cocaine and of obstructing official business, but not guilty of possessing crack cocaine. On May 10, 2007, the trial court sentenced Woodson to a total of five years in prison. Recognizing that the court had never ruled on his motion to join as a party in James Ballard's motion to suppress and the sentencing entry contained a flaw, Woodson filed a motion for final appealable orders on May 22, 2007. On May 30, 2007, the trial court granted Woodson's motion to join in Ballard's motion to suppress, but noted that the motion was denied pursuant toState v. Ballard, Wayne C.P. No. 06CR0276.
 {¶ 8} On June 6, 2007, Woodson filed a notice of appeal. On December 10, 2007, this Court determined that the trial court's order was not final and appealable because it did not dispose of the forfeiture specification in the indictment and did not comply with State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353. Subsequently, Woodson supplemented the record with a corrected journal entry containing a dismissal of the forfeiture specification and all of the required Crim.R. 32(C) elements. Woodson's appeal is now properly before this Court. He raises seven assignments of error[1] for our review, several of which we address collectively.
 II *Page 5 Assignment of Error Number One "THE TRIAL COURT ERRED BY DENYING ROZELL WOODSON'S MOTION TO SUPPRESS EVIDENCE."
 {¶ 9} In his first assignment of error, Woodson argues that the trial court erred in denying his motion to suppress. Specifically, he claims that officers lacked reasonable suspicion or probable cause to stop the Dodge Stratus. Because we find that Woodson has waived this issue on appeal, we decline to address the merits of his argument.
 {¶ 10} Crim.R. 12(C) permits a defendant to file a motion to suppress on the basis that evidence was illegally obtained. A motion to suppress must be filed within thirty-five days after arraignment unless a trial court extends that time period in the interest of justice or grants relief from it for good cause shown. Crim.R. 12(D), (H). When two or more defendants are co-defendants in a trial, they may file their motions to suppress either jointly or separately. See State v.Reed, 9th Dist. Nos. 23221 23222, 2007-Ohio-3243 (reviewing separate motions to suppress granted after a joint hearing); State v. Smith, 9th Dist. No. 21069, 2007-Ohio-1306 (reviewing a joint motion to suppress denied after a joint hearing). However, no procedure exists whereby a defendant in one criminal trial can join in a motion to suppress filed by another defendant in his or her separate *Page 6 
trial. A defendant must file a motion to suppress in his own trial in order to challenge the legality of the evidence against him.
 {¶ 11} Rather than file his own motion to suppress, Woodson filed a motion "for an order allowing [him] to join as a party to the motion to suppress currently filed" in James Ballard's pending criminal case. As previously mentioned, however, no such procedure exists. If Woodson wished to challenge the evidence against him, he was obligated to comply with the procedure allowing him to do so. See Crim.R. 12. He filed his motion to join as a party on October 16, 2006, almost three full months after his arraignment date and well past the deadline imposed by Crim.R. 12(D). Despite this lapse in time, Woodson never sought to file his own motion to suppress for good cause shown. See Crim.R. 12(H). Instead, he attempted to join in James Ballard's motion without providing any support for his ability to do so. As a result, we find that Woodson has not properly preserved this issue for appeal. See id. (failing to file timely motion to suppress "shall constitute waiver of the defenses or objections"). See, also, State v. Romandetti, 9th Dist. No. 23388,2007-Ohio-363, at ¶ 5-10; State v. Hairston, 9th Dist. No. 05CA008768,2006-Ohio-4925, at ¶ 11 (explaining that this Court will not reach the merits of an issue when an appellant forfeits that issue at trial by failing to raise it and subsequently fails to argue plain error on appeal). Woodson's first assignment of error is overruled.
 Assignment of Error Number Two *Page 7 "THE TRIAL COURT ERRED BY DENYING ROZELL WOODSON'S RULE 29 MOTION AS TO COMPLICITY TO POSSESS CRACK COCAINE."
 Assignment of Error Number Three "THE VERDICT OF GUILTY OF COMPLICITY TO POSSESS CRACK COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} In his second assignment of error, Woodson argues that his conviction for the possession of crack cocaine was based on insufficient evidence. In his third assignment of error, Woodson argues that the same conviction was against the manifest weight of the evidence. We disagree.
 {¶ 13} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a *Page 8 
reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 14} In State v. Roberts, this Court explained:
 "[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 15} Accordingly, we address Woodson's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 16} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 17} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in *Page 9 
which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 18} The jury convicted Woodson of complicity to possess crack cocaine, a felony of the second degree and a violation of R.C. 2923.03
and R.C. 2925.11. Ohio's complicity statute provides, in relevant part:
 "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 "(1) Solicit or procure another to commit the offense;
 "(2) Aid or abet another in committing the offense;
 "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 "(4) Cause an innocent or irresponsible person to commit the offense." R.C. 2923.03.
 {¶ 19} "To aid is to assist." State v. Williams, 9th Dist. No. 21840,2004-Ohio-4316, at ¶ 19, quoting State v. Sims (1983),10 Ohio App.3d 56, 58. For a person to be convicted of aiding or abetting another in a crime, "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime." State v. Johnson (2001), 93 Ohio St.3d 240, syllabus. Further, the State must present evidence that demonstrates that the defendant expressed concurrence with the unlawful act or intentionally did something to contribute to an unlawful act. State v.Stepp (1997), 117 Ohio App.3d 561, 568. *Page 10 
 {¶ 20} R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." The term "possess" is statutorily defined as "having control over a thing or substance." R.C.2925.01(K). Possession may "not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Id. This Court has held that "a person may knowingly possess a substance or object through either actual or constructive possession." State v. Hilton, 9th Dist. No. 21624, 2004-Ohio-1418, at ¶ 16, citing State v. McShan (1991),77 Ohio App.3d 781, 783. A person may constructively possess a substance or object if he "`knowingly exercis[es] dominion and control over an object, even though that object may not be within his immediate physical possession[,]' or [if he has] knowledge of the presence of the object." (Alterations added.) Hilton at ¶ 16, quoting State v. Hankerson (1982),70 Ohio St.2d 87, syllabus, certiorari denied (1982), 459 U.S. 870.
 {¶ 21} Our review of the record convinces us that the jury did not lose its way in convicting Woodson of complicity to possess crack cocaine. Officer McConnell testified that Woodson was the driver of the Dodge Stratus. Woodson drove the vehicle to a known drug house on Cleveland Road where officers witnessed his backseat passenger exit, approach the back of the house, and quickly reenter the Stratus. When Officer McConnell followed the Stratus in his police car and ordered it to stop, Woodson initially disobeyed his command and ultimately *Page 11 
fled from the vehicle. Officer Belcher had to chase Woodson through woods and across fences before having to resort to using his taser on Woodson. Woodson argues that the jury lost its way in considering his flight from the officers because the jury had no way of knowing what his motivation was for running. Yet, the jury was free to disregard any supposed ulterior motivation that Woodson might have had while fleeing from the officers. It is well established that evidence of flight is admissible evidence of a "consciousness of guilt." State v. Brady, 9th Dist. No. 22034, 2005-Ohio-593, at ¶ 9, quoting State v. Taylor (1997),78 Ohio St.3d 15, 27. Moreover, flight concealment and resisting arrest are all evidence of a consciousness of guilt. State v. Harris, 9th Dist. No. 22466, 2005-Ohio-4935, at ¶ 17, citing State v. Williams (1997),79 Ohio St.3d 1, 11.
 {¶ 22} After officers were finally able to subdue Woodson and his passengers, they found a loaded gun, approximately $2,000 in cash and marijuana on Woodson's person, and a 12.55 gram bag of crack cocaine on the Stratus' driver's seat. Based on all of the aforementioned evidence, the jury could have determined that Woodson drove his passengers to the Cleveland Road home for the purpose of aiding them in the possession of cocaine and then ran from the police when he was discovered. The record does not support Woodson's claim that the jury lost its way. SeeOtten, supra. Consequently, Woodson's argument that his conviction was against the manifest weight of the evidence lacks merit. *Page 12 
 {¶ 23} Having disposed of Woodson's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra, at *2. Woodson's second and third assignments of error are overruled.
 Assignment of Error Number Four "THE TRIAL COURT ERRED BY DENYING ROZELL WOODSON'S RULE 29 MOTION AS TO THE LEVEL OF OFFENSE ON THE CHARGE OF OBSTRUCTING OFFICIAL BUSINESS, BECAUSE THERE WAS INSUFFICIENT EVIDENCE OF THE ELEMENT OF CREATING A RISK OF PHYSICAL HARM TO PERSONS."
 Assignment of Error Number Five "THE VERDICT OF GUILTY OF OBSTRUCTING OFFICIAL BUSINESS AT THE FELONY LEVEL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 24} In his fourth assignment of error, Woodson argues that his obstruction of official business conviction was based on insufficient evidence. In his fifth assignment of error, Woodson argues that the conviction was against the manifest weight of the evidence. We disagree.
 {¶ 25} We incorporate the standard of review for sufficiency and manifest weight set forth in our analysis of Woodson's second and third assignments of error. Once again, we begin with Woodson's manifest weight challenge as we find it to be dispositive of his sufficiency challenge.
 {¶ 26} R.C. 2921.31 provides, in relevant part: *Page 13 
 "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
 "(B) Whoever violates this section is guilty of obstructing official business. * * * If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree."
 {¶ 27} A suspect who creates a significant delay by ignoring an officer's repeated orders impedes his ability to perform his lawful duties and violates R.C. 2921.31. See State v. Vintson, 9th Dist. No. 06CA009066, 2007-Ohio-6141, at ¶ 27. "The affirmative act of running from an officer impedes or hinders the performance of an officer's lawful duty." State v. Sanders, 9th Dist. No. 23504, 2007-Ohio-2898, at ¶ 21, citing State v. Brickner-Latham, 3d Dist. No. 13-05-26,2006-Ohio-609, at ¶ 27. Furthermore, the potential risk of injury to an officer in pursuit of a suspect need not be a large one in order to support a conviction for obstruction of official business. See State v.Skinner, 9th Dist. No. 06CA009023, 2007-Ohio-5601, at ¶ 24 (upholding obstruction conviction after officers chased suspect through dark, wooded terrain and officer testified that it would have been easy to twist an ankle).
 {¶ 28} Woodson argues that the act of running away does not pose a risk of physical harm to anyone. Yet, Officer Belcher testified that he injured his hand when he was forced to climb over a fence in pursuit of Woodson. Additionally, all of the officers involved faced at least a risk of harm when pursuing Woodson *Page 14 
through the woods and while later retrieving the loaded revolver that either Woodson or Bennie dropped during the chase. See Skinner, supra. Consequently, we cannot say that the jury lost its way in convicting Woodson of obstructing official business.
 {¶ 29} Having disposed of Woodson's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra, at *2. Woodson's fourth and fifth assignments of error are overruled.
 Assignment of Error Number Six "MR. WOODSON DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL, IN CONTRAVENTION OF U.S. CONST. AMEND. VI AND XIV, AND OHIO CONST. ART. I, SEC. 10."
 {¶ 30} In his sixth assignment of error, Woodson argues that his counsel was ineffective for several reasons. We disagree.
 {¶ 31} The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel.McMann v. Richardson (1970), 397 U.S. 759, 771. To prove an ineffective assistance claim, Woodson must show that: (1) counsel's performance was deficient to the extent that "counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment [,]" and (2) "the deficient performance prejudiced the defense." Strickland v.Washington (1984), 466 U.S. 668, 687. To demonstrate prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. *Page 15 Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. Furthermore, the Court need not address both Strickland prongs if Appellant fails to prove either one. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10.
 {¶ 32} First, Woodson argues that his counsel was ineffective because he failed to request a jury instruction on the lesser included offense of misdemeanor obstruction of official business. Because we have already determined that the evidence supported Woodson's conviction for felony obstruction of official business, however, Woodson cannot demonstrate prejudice as a result of this failure. Woodson's first argument lacks merit.
 {¶ 33} Second, Woodson argues that his trial counsel erred in not objecting to Sergeant Merillat's statement that Officer Belcher told him that he had cut his hand on a fence while chasing Woodson. Woodson claims that without this testimony, there would have been no evidence of any injury to an officer and, therefore, no evidence to support his obstruction conviction. However, we "have consistently held that "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel."State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. Furthermore, even without the evidence of Officer Belcher's injury the record contained other *Page 16 
evidence in support of Woodson's obstruction conviction. SeeSkinner at ¶ 24 (upholding obstruction conviction after officers had to chase defendant through dark, wooded terrain). Woodson's second argument lacks merit.
 {¶ 34} Finally, Woodson argues that his counsel was ineffective because he did not ask the court to instruct the jury that it must complete the blank line on the interrogatory denoting the weight of the cocaine related to his conviction. Once again, however, Woodson cannot demonstrate prejudice as a result of his counsel's alleged failure. The jury verdict form specifies that the jury found Woodson guilty of complicity to possess crack cocaine, a felony of the second degree. R.C.2925.11(C)(4)(d) specifies that an offender commits a second degree felony for the possession of crack cocaine when the weight of that cocaine "exceeds ten grams but is less than twenty-five grams." The record reflects that the State introduced a BCI report into evidence and Sergeant Merillat also testified that the crack cocaine recovered from the Dodge Stratus weighed 12.55 grams. That amount satisfies the requirement for a second degree felony pursuant to R.C. 2925.11(C)(4)(d) because it falls between ten and twenty-five grams of crack cocaine that the statute requires. Since the jury found Woodson guilty of a second degree felony and the amount of the crack cocaine police recovered appeared on the record, Woodson was not prejudiced as a result of the jury not filling in "12.55 grams" on the blank line of the complicity to possess verdict form. Woodson's third argument lacks merit, and his sixth assignment of error is overruled. *Page 17 
 Assignment of Error Number Seven "THE JURY'S FAILURE TO DETERMINE THE AMOUNT OR WEIGHT OF THE CONTROLLED SUBSTANCE IN ITS VERDICT FORM WAS A PREJUDICIAL CONSTITUTIONAL ERROR IN THIS CASE, DESPITE THE REFERENCE TO THE LEVEL OF THE OFFENSE ON THE VERDICT FORM, AND ROZELL WOODSON SHOULD NOT HAVE BEEN CONVICTED OF AN OFFENSE HIGHER THAN A FELONY 5; MOREOVER, THE TRIAL COURT COMMITTED ERROR, PLAIN ERROR, OR STRUCTURAL ERROR BY ISSUING CONFUSING INSTRUCTIONS TO THE JURY ON THE POSSESSION/COMPLICITY COUNT."
 {¶ 35} In his seventh assignment of error, Woodson argues that the trial court erred by entering a second degree felony conviction against him for his possession charge because the jury's verdict did not indicate the weight of the crack cocaine supporting his conviction. He claims that the trial court should have entered no more than a fifth degree felony conviction against him because that is the appropriate offense level for an individual in possession of an unspecified amount of crack cocaine. He further argues that the trial court's instructions to the jury on this charge were confusing. We disagree.
 {¶ 36} "When the presence of one or more additional elements makes an offense one of a more serious degree, R.C. 2945.75(A)(2) requires a guilty verdict to state the degree of the offense for which the defendant was found guilty." State v. Davis, 9th Dist. No. 21794,2004-Ohio-3246, at ¶ 59. Otherwise, a guilty verdict must include each of the additional elements that support the offense. See R.C.2945.75(A)(2) (providing that a guilty verdict must "state either the degree of the *Page 18 
offense of which the offender is found guilty, or that such additional * * * elements are present"). When a guilty verdict does not contain either an offense level or the required additional elements of a certain offense, this Court will look to see whether the trial court has substantially complied with the requirements of R.C. 2945.75(A)(2). SeeDavis at ¶ 59-60. See, also, State v. Goodwin, 9th Dist. No. 23787,2008-Ohio-783, ¶ 26-27. However, the issue of substantial compliance only arises if the jury's verdict lacks both the level of the offense and any additional elements necessary to support the offense. See R.C.2945.75(A)(2) (requiring that verdict contain either offense level or any additional elements).
 {¶ 37} Woodson was indicted for the possession of crack cocaine in an amount that exceeds ten grams but is less than 25 grams, a felony of the second degree. Accordingly, the verdict form pertaining to his complicity conviction had to include one of two findings: (1) that the conviction was a felony of the second degree; or (2) that the conviction was for his aiding or abetting another in the possession of a specific amount of crack cocaine exceeding ten grams, but less than 25 grams. See id. The form that the jury signed in reaching its verdict on the complicity conviction reads, in relevant part: "GUILTY of Complicity to Possession of Crack Cocaine, a Felony of the Second Degree, in a manner and form as he stands charged in the indictment." This quoted language demonstrates that the verdict form contained the offense level of Woodson's conviction as required by R.C. 2945.75(A)(2). Thus, it was unnecessary for the jury to include *Page 19 
the additional element of the weight of the crack cocaine in their verdict. The trial court did not err in entering a second degree felony conviction based on the jury's verdict.
 {¶ 38} As to the judge's instructions to the jury, Woodson failed to object at trial. Woodson acknowledges this failure, but argues that the trial court committed either plain or structural error in instructing the jury. He argues that he suffered prejudice as a result of the court's failure to tell the jury that it was required to indicate the weight of the crack cocaine supporting his conviction. Because we find no error in the jury's verdict, Woodson cannot demonstrate prejudice as a result of any alleged error on the part of the trial court in instructing the jury. Woodson's seventh assignment of error is overruled.
 III {¶ 39} Woodson's seven assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into *Page 20 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, P. J., DICKINSON, J., CONCUR
[1] Woodson originally raised eight assignments of error for our review. On January 14, 2008, however, Woodson filed a notice of intention to waive his eighth assignment of error. As such, we will not address it. *Page 1