[Cite as *State v. Porterfield*, 2024-Ohio-673.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| RICKY PORTERFIELD, | : | Case No. 23-COA-007 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland Muncipal Court, Case No. 2022 CRB 01267

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      February 21, 2024

APPEARANCES:

For Plaintiff-Appellee

RICHARD WOLFE
DAVID HUNTER
City of Ashland Law Department
124 Church St.
Ashland, Ohio 44805

For Defendant-Appellant

WESLEY A. JOHNSTON
203 N. Broadway Street
Medina, Ohio 44256

*Baldwin, J.*

**{¶1}** The appellant, Ricky Porterfield, appeals his conviction and sentence entered in the Ashland Municipal Court. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On November 23, 2022, law enforcement officers arrested the appellant for Obstructing Official Business in violation of R.C. §2921.31 and Criminal Trespass in violation of R.C. §2911.21(A)(1).

**{¶3}** On April 19, 2023, the matter proceeded to a bench trial.

**{¶4}** At trial, Officer Sarnis testified that on November 23, 2022, he came into contact with the appellant while investigating an OVI complaint in the City of Ashland. While speaking with the driver of the vehicle, the appellant approached Officer Sarnis and began inquiring about the stop.

**{¶5}** The appellant was standing on the gravel driveway of a residence that was not his. The appellant repeatedly asked the officer to perform the field sobriety tests he just made the driver perform.

**{¶6}** Officer Sarnis attempted to resume the field sobriety tests on the driver, but the appellant continued to interrupt. Officer Sarnis and Officer Lifer asked the appellant to back away from the investigation and leave the property on which he was standing. Officers told the appellant three times to get off the property and to stand on the sidewalk to record them. However, he remained on the property. Officer Sarnis attempted to identify the appellant, but the appellant refused to provide identification. He stated he

wanted to speak with the arresting officer or the chief of police. So, Officer Sarnis arrested the appellant, found his identification and verified he did not live on the property he was standing.

{¶7} The appellant's refusal to cooperate with Officer Sarnis and his continuous interruptions impeded Officer Sarnis and Officer Lifer from being able to investigate an OVI. The State of Ohio then played a video recording of the encounter for the trial court.

{¶8} Next, Officer Lifer testified that after Officer Sarnis completed the field sobriety tests he spoke with the driver in the back of his car. While he was trying to carry on a conversation with the driver, the appellant started asking Officer Sarnis questions, interrupting the investigation. Officer Lifer answered the appellant's questions and warned him to stand further away to record the stop as he was obstructing the traffic stop.

{¶9} Initially, the appellant complied. Then, while Officer Lifer searched the driver's car, the appellant approached the investigation and had interrupted again. Officer Lifer had to secure objects Officer Sarnis set on the ground for the driver to go with her, as the appellant had interrupted the traffic stop.

{¶10} At the close of evidence, the trial court found the appellant guilty on one count of Obstructing Official Business in violation of R.C. §2921.31 and acquitted the appellant of the Criminal Trespass charge.

{¶11} Appellant filed a timely notice of appeal and raised the following Assignment of Error:

{¶12} "I. CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**STANDARD OF REVIEW**

**{¶13}** The appellant contends his conviction is against the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547 (1997) quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id*. See *State v. Acker*, 5th Dist. Holmes No. 22CA008, 2023-Ohio-2085, ¶36.

**{¶14}** The trial court's decision should not be disturbed as against the manifest weight of the evidence if the decision is supported by some competent and credible evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. *Geary v. Geary*, 5th Dist. Delaware, 2015-Ohio-259, 27 N.E.3d 877.

**ANALYSIS**

**{¶15}** In his first Assignment of Error, the appellant contends that his conviction is against the manifest weight of the evidence because he alleges he did not obstruct official business. We disagree.

**{¶16}** R.C. §2921.31(A) states:

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

**{¶17}** The court in *State v. Moss*, 9th Dist. Summit No. 28986, 2018 WL 625 1316, 2018-Ohio-4747, addressed the crime of obstructing official business stating:

…a suspect may indeed obstruct official business when he creates a significant delay by ignoring an officer's repeated orders, thereby impeding the officer's ability to perform his lawful duties. *See State v. Woodson*, 9th Dist. Wayne No. 07CA0044, 2008-Ohio-1469, 2008 WL 835835, ¶27; *State v. Vintson*, 9th Dist. Lorain No. 06CA009066, 2007-Ohio-6141, 2007 WL 4083457, ¶27. Rather than viewing the suspect's actions in isolation, the total course of his conduct must be considered. *State v. Overholt*, 9th Dist. Medina No. 2905-M, 1999 WL 635717, *1-2 (Aug. 18, 1999). Multiple affirmative acts that go beyond a single act of simply not producing identification-such as shouting and repeatedly answering police questions posed to a different individual, despite several warnings to refrain from such conduct-may constitute sufficient evidence to support a conviction for obstructing official business. *See Reichbaum*, 112 Ohio App.3d at 84, 677 N.E.2d 1245.

**{¶18}** In the case *sub judice*, the appellant engaged in multiple affirmative acts that resulted in the obstruction of official business charge. The appellant repeatedly asked

the officers if they could perform the field sobriety tests after Officer Lifer answered him, the appellant returned to interrupt the investigation after being asked to record from a position that did not interfere, the appellant refused to obey the officers instructions to remove himself from someone else's property, and interrupted the interview of the driver and search of the vehicle forcing officers to arrest him and have to wait on a third officer to arrive on scene to finish the investigation into the OVI.

{¶19} We find that, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the appellant committed the essential elements of obstructing official business.

{¶20} Accordingly, the appellant's sole Assignment of Error is overruled.

## CONCLUSION

{¶21} The judgment of the Ashland Municipal Court, Ohio, is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.