[Cite as *Giant Ohio, L.L.C. v. Jaber*, 2016-Ohio-5023.]

STATE OF OHIO       )              IN THE COURT OF APPEALS
                        )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

GIANT OHIO, LLC                   C.A. No.     27861

      Appellee

      v.                            APPEAL FROM JUDGMENT
                                   ENTERED IN THE
MAHMOUD ABDALLAH JABER      COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
      Appellant              CASE No.    CV 2010 07 5083

DECISION AND JOURNAL ENTRY

Dated: July 20, 2016

HENSAL, Judge.

{¶1} Mahmoud Jaber appeals an order of the Summit County Court of Common Pleas that granted summary judgment to Giant Ohio, LLC. For the following reasons, this Court affirms.

I.

{¶2} According to Mr. Jaber, his son began leasing a gas station in 2007. Early the next year, his son spoke with one of Giant's agents about rebranding the station as a BP. Mr. Jaber has experience operating a gas station, so his son came to him for advice about the deal. Mr. Jaber met with the agent, who encouraged him to sign the contract instead of his son because he had better credit. Mr. Jaber subsequently entered into a contract with Giant, agreeing to buy at least 50,000 gallons of fuel from Giant each month.

{¶3} After Mr. Jaber signed the contract, Giant rebranded the gas station as a BP. Problems arose, however, when the property owner learned what had happened to the gas

station. According to Mr. Jaber, the property owner attempted to get Giant and BP to undo the changes, but they refused, so he then accused Mr. Jaber's son of breaching his lease. In light of the dispute, and because sales had slowed, his son stopped ordering more gas from Giant and ended up walking away from the station, which was then de-branded.

{¶4} When the son's orders and payments ceased, Giant sued Mr. Jaber for breach of contract. Following discovery, Giant moved for summary judgment. Mr. Jaber opposed the motion, arguing that he should not be held liable because he only signed the contract as an agent or employee of his son. He also argued that he was not responsible for operating the gas station or breaching the contract. Mr. Jaber attached an affidavit from his son in support of his response. In the affidavit, Mr. Jaber's son averred that Mr. Jaber signed the contract on behalf of his company and that any debt owed to Giant is owed by that company. Mr. Jaber also filed a third-party complaint against his son's company. The trial court nonetheless granted summary judgment to Giant, explaining that there was no documentary evidence to support Mr. Jaber's allegation that he signed the contract on behalf of the son's company. It awarded Giant damages for the gas that had been delivered but not paid for, the lost income Giant would have realized under the contract, and the cost of rebranding the station.

{¶5} After the trial court awarded summary judgment to Giant, Mr. Jaber filed a "Reply" to the motion for summary judgment, arguing that the court had miscalculated Giant's damages. In particular, he alleged that BP was partially responsible for the breach because its oil spill in the Gulf of Mexico had deterred consumers from patronizing BP gas stations. He, therefore, argued that he should not be responsible for Giant's lost income or its rebranding expenses. He also requested a hearing on the amount of damages. The trial court construed Mr. Jaber's Reply as a motion for reconsideration and concluded that it was improperly filed. It

wrote, however, that, even if it considered the motion, Mr. Jaber "failed to provide any basis for the requested reconsideration." In the same entry, it dismissed Mr. Jaber's claim against his son's company. Mr. Jaber has appealed, assigning as error that the trial court violated his due process rights.

ASSIGNMENT OF ERROR

THE TRIAL COURT'S AWARD OF DAMAGES IN FAVOR OF APPELLEE, WITHOUT A HEARING, VIOLATED APPELLEE'S DUE PROCESS RIGHTS.

{¶6} Mr. Jaber argues that the trial court incorrectly granted Giant's motion for summary judgment. Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7} Mr. Jaber argues that Giant failed to establish that it was entitled to the damages the trial court awarded it. He argues that the damage award does not place Giant in the position it would have been if the breach of contract had not occurred. According to Mr. Jaber, because Giant did not satisfy its *Dresher* burden, the court should have held a hearing to determine the appropriate amount of Giant's damages.

{¶8} In support of its motion for summary judgment, Giant submitted a copy of the contract Mr. Jaber signed, in which Mr. Jaber agreed to buy at least 50,000 gallons of gasoline from Giant each month until May 2015. Under the terms of the contract, the price of the gasoline per gallon would be whatever Giant paid its supplier plus $0.0125. Giant calculated that, because of Mr. Jaber's breach, it lost $36,287.67 in anticipated product sales.

{¶9} Giant also submitted an affidavit of its property administrator. She averred that Giant had delivered $31,674.60 worth of gasoline to the gas station for which it was not paid. She also averred that Giant spent $19,383.19 to rebrand the gas station from a generic gas station to a BP. She further averred that, as a result of the gas station being de-branded, it had to pay BP an additional $47,878.74. Mr. Jaber's contract with Giant provided that, if it was terminated early, Mr. Jaber would have to reimburse Giant for any reimaging costs. Adding its expectancy and restitution damages together, Giant argued that its total damages for the breach of contract was $135,224.20, which is the amount the trial court awarded it.

{¶10} Contrary to Mr. Jaber's argument, we conclude that Giant met its initial burden under *Dresher* to establish that there were no genuine issues of material fact over the amount of its damages. Mr. Jaber, therefore, had the burden to demonstrate that a genuine issue did exist. In his response to the motion for summary judgment, however, Mr. Jaber did not dispute Giant's damages. Instead, he merely argued that it was his son's company that was liable for any damages. Upon review of the record, we conclude that Mr. Jaber failed to demonstrate the existence of a genuine issue of material fact as to the amount of Giant's damages. *See Dresher*, 75 Ohio St.3d, at 293.

{¶11} Regarding Mr. Jaber's argument that the court should have held a hearing on Giant's damages, we note that he did not ask for a hearing or argue that one was required in his

response to the motion for summary judgment. Although he did request a hearing on damages after the trial court granted summary judgment to Giant, the trial court properly construed his "Reply" as a motion for reconsideration. *See Cireddu v. Clough*, 11th Dist. Lake No. 2011-L-121, 2012-Ohio-2242, ¶ 23 ("[A] motion to reconsider * * * is the proper device to seek relief from a non-final judgment."); *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535 (4th Dist.1997) ("[A] trial court has plenary power in entertaining a motion for reconsideration prior to entering final judgment.").

{¶12} Mr. Jaber has not developed an argument in his brief regarding the denial of his motion for reconsideration. Even if he had, we note that his motion for reconsideration was based on his allegation that BP is responsible for some of Giant's damages. Mr. Jaber did not take any steps in the trial court to join BP as a party to the litigation. Accordingly, we cannot conclude that the trial court abused its discretion when it denied Mr. Jaber's motion for reconsideration, including his request for a hearing on Giant's damages. *See Yoder v. Blake*, 9th Dist. Medina No. 10CA0110-M, 2012-Ohio-861, ¶ 14 (explaining that we review the trial court's ruling on a motion for reconsideration for an abuse of discretion). Mr. Jaber's assignment of error is overruled.

## III.

{¶13} The trial court did not err when it granted Giant's motion for summary judgment. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ANDREW WIDES, Attorney at Law, for Appellant.

GREGORY B. O'CONNOR, Attorney at Law, for Appellee.