[Cite as *State v. Minor*, 2022-Ohio-327.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 21CA0022-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| DAVID MINOR | MEDINA MUNICIPAL COURT |
| | COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 20-TRC-05800 |

## DECISION AND JOURNAL ENTRY

Dated: February 7, 2022

CARR, Presiding Judge.

{¶1} Defendant-Appellant David Minor appeals the judgment of the Medina Municipal Court. This Court reverses and remands the matter for further proceedings.

I.

{¶2} Following a November 20, 2020 traffic stop, a complaint was filed charging Minor with violating R.C. 4511.19(A)(1)(a), 4511.33, and 4511.991. Minor was arraigned on November 23, 2020. On November 24, 2020, Minor filed a demand for discovery and a motion to preserve physical, audio, and video evidence. On December 14, 2020, Minor filed a motion to continue the December 16, 2020 pretrial because he had not yet received the video flash drive from the prosecutor's office. Minor noted that, due to the prosecutor's office's COVID-19 protocols, counsel could not pick up the video and instead had to mail a flash drive to the prosecutor's office with a self-addressed return envelope to receive the video evidence. Minor informed the trial court that online tracking reflected that the parcel was still in transit to the

prosecutor's office and that the website indicated that the post office was impacted by package increases and limited employee availability. The motion to continue was granted.

{¶3} The pretrial was held December 30, 2020, and the related filing indicates that a motion to suppress was anticipated. On January 20, 2021, Minor filed a motion to suppress and motion for leave to file a motion to suppress pursuant to Crim.R. 12(D) and (H). On January 19, 2021, the day before Minor's motions were docketed, the State filed an objection to Minor's untimely motion to suppress. In that filing the State argued that the motion was untimely, that Minor failed to file a motion for an extension of time prior to the expiration of the deadline, and that Minor failed to demonstrate good cause for the untimely filing. It can be implied from the State's filing that it had already received the motion to suppress, and that Minor had argued that there was good cause for the untimely filing.

{¶4} In the motion for leave, Minor noted that more than 35 days had passed since Minor's arraignment. Minor asserted that he had not filed the motion earlier because he was waiting for receipt of all the evidence, including the videos, which were not received until after the 35-day mark. In addition, defense counsel stated that he was waiting until the December 30, 2020 pretrial conference to attempt to resolve the case with the prosecutor. Finally, Minor alleged that the motion involved fundamental constitutional rights. Minor maintained that the foregoing points demonstrated good cause for the untimely filing.

{¶5} In the motion to suppress, which accompanied the motion for leave, Minor argued that the officer lacked a proper basis to stop Minor's vehicle, to arrest him for operating a vehicle under the influence of alcohol, and to request Minor to exit the vehicle to perform field sobriety testing. Minor specifically pointed to the dashcam video in support of his assertion that there was no marked lanes violation to support the stop.

{¶6} That same day, the trial court issued an order denying Minor's motion for leave to file the motion to suppress. The trial court pointed out that Minor did not seek leave to extend the filing time prior to the expiration of the deadline and ultimately concluded that Minor had failed to demonstrate good cause. The trial court also indicated that the motion for leave was filed in response to the State's objection.

{¶7} On February 2, 2021, Minor filed a motion asking the trial court to reconsider the denial of the motion for leave to file the motion to suppress. Therein, Minor explained that the motion for leave was not filed in response to the State's objection but was instead filed because it was more than 35 days after Minor's arraignment. Minor clarified that he sent the motion and motion for leave via fax on January 19, 2021 and also emailed it to the prosecutor's office. However, he experienced difficulties in the fax transmission. He was finally successful late in the day on January 19, 2021, but the filings were not docketed by the clerk's office until the next day. As to the motion to suppress itself, Minor maintained that the motion was based solely on the evidence from the dashcam video, which he did not receive from the prosecutor's office until December 29, 2020, which was outside the time for filing the motion to suppress. Minor submitted documents in support of his claims, including his attorney's affidavit.

{¶8} The trial court denied the motion for reconsideration that same day. Thereafter, Minor pleaded no contest and was sentenced. The trial court stayed execution of his sentence. Minor has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT DAVID MINOR'S MOTION FOR LEAVE TO FILE A MOTION TO SUPPRESS AND MR. MINOR'S MOTION FOR RECONSIDERATION.

{¶9} Minor argues in his sole assignment of error that the trial court abused its discretion in denying his motion for leave to file a motion to suppress and denying the motion for reconsideration.

{¶10} Traf.R. 11(C), which is substantially similar to Crim.R. 11(D), states that "[p]re-plea motions shall be made before or at arraignment. All pretrial motions, except as provided in [Crim.R.] 16(M), shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court, in the interest of justice, may extend the time for making pre-plea or pretrial motions." Traf.R. 11(F), which is substantially similar to Crim.R. 12(H) court, provides that the "[f]ailure by the defendant to raise defenses or objections or to make motions and requests which must be made prior to plea, trial, or at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver." Thus, the stated time period must be followed "unless a trial court extends that time period in the interest of justice or grants relief from it for good cause shown." *State v. Woodson*, 9th Dist. Wayne No. 07CA0044, 2008-Ohio-1469, ¶ 10. While this Court has sometimes used these two standards interchangeably, today we clarify that, prior to the expiration of the time period provided for in Traf.R. 11(C), a defendant may move to extend that time period in the interest of justice. *See* Traf.R. 11(C) and Crim.R. 11(D). If, however, the time period has already expired, the defendant has waived the opportunity to file the motion absent demonstrating good cause for the untimely filing. *See* Traf.R. 11(F); Crim.R. 12(H). This Court has concluded that the fact that the defendant had full knowledge of the facts and circumstances pertaining to the case within the time requirements weighed against a finding of good cause. *See State v. Hoover*, 9th Wayne No. 02CA0056, 2003-Ohio-2344, ¶ 6. Moreover, at least one appellate district has noted the

importance of allowing defendants to use discovery "to find out whether and how the State's procedures failed *before* they file a motion to suppress." (Emphasis added.) *State v. Sargent*, 2d Dist. Clark No. 3042, 1994 WL 450079, *3 (Aug. 17, 1994); *see State v. King*, 9th Dist. Lorain No. 95CA006173, 1996 WL 525852, *5 (Sept. 18, 1996) (citing to *Sargent*).

{¶11}  Minor argues that he demonstrated good cause for the untimely filing of a motion to suppress and therefore should have been granted leave.  "Whether to allow leave to file an untimely motion to suppress is within the discretion of the trial court, which this Court will not reverse absent an abuse of discretion." *State v. Beal*, 9th Dist. Medina No. 18CA0069-M, 2019-Ohio-2479, ¶ 4.

{¶12}  After a review of the record, we conclude that Minor's argument has merit. While Minor's initial motion for leave did not detail the difficulties his attorney had in obtaining discovery, it did indicate that Minor's attorney had not received all of the discovery, particularly the videos of the stop - which were delayed in the mail, at the time pretrial motions were due.  In addition, Minor stated that the motion was untimely because his attorney wanted to attempt to resolve the matter with the prosecutor at the pretrial on December 30, 2020.  While a resolution was not reached at that time, Minor did inform the prosecutor of his intention to file a motion to suppress.  Finally, Minor asserted that the motion to suppress would raise constitutional issues which would further support good cause.  In the motion to suppress Minor pointed out that the video of the stop failed to evidence a marked lanes violation.

{¶13}  While it is true that the State's objection to Minor's untimely motion to suppress was filed the day before Minor's motions, the notion that Minor's motion for leave was filed in response to the State's objection is not supported by the record.  The State's objection mentions both Minor's motion to suppress and his motion for leave, and it explains why the State believes

Minor failed to demonstrate good cause. Further, while the trial court faulted Minor for not detailing in his motion his efforts to obtain the discovery, Minor did previously explain those difficulties.

{¶14} Prior to the first pretrial, Minor filed a motion for a continuance of the pretrial stating that he had not received all of the discovery, particularly the videos. Therein, Minor indicated that, due to COVID-19 precautions, Minor could not go into the prosecutor's office to retrieve the video, and instead, had to mail an empty flash drive to the prosecutor's office, which would be mailed back to him with the video transferred to the flash drive. Minor mailed a flash drive on December 4, 2020, but as of December 14, 2020 the parcel was still in transit to the prosecutor's office.

{¶15} Even if this Court were to conclude that the trial court did not abuse its discretion in denying Minor's initial motion for leave, we cannot say the same with respect to Minor's motion for reconsideration, which included more details and documentation. In the motion for reconsideration, Minor explained that he faxed the motions and emailed them to the prosecutor's office on January 19, 2021. He had to resend the faxes multiple times; because of that, the motions were not received by the clerk's office until close to 5:00 p.m. and were not filed until the next day. Thus, Minor clarified that his motion for leave was not made in response to the State's objection, it was submitted because the motion to suppress was untimely. Minor also detailed that he mailed the flash drive to the prosecutor's office on December 4, 2020, but did not receive it back until December 29, 2020, the day after the deadline for filing pretrial motions. Minor explained that the video was the source of the issues raised in the motion to suppress; thus, he could not have known prior to December 29, 2020 that there would be a basis to file the motion to suppress. *See Sargent*, 1994 WL 450079, at *3. Minor then indicated that he

discussed the video with the prosecutor at the December 30, 2020 pretrial and, when a resolution was not reached, Minor's counsel informed the prosecutor a motion to suppress would be forthcoming. The trial court's entry related to that pretrial also reflects a motion to suppress was expected. Minor attempted to have the motions filed January 19, 2021, but they were not docketed until the next day.

{¶16} Considering the totality of the circumstances, we conclude the trial court abused its discretion. Minor demonstrated good cause for the untimely filing. He did not receive the video evidence, which was delayed due to COVID-19 precautions, until *after* the deadline for filing pretrial motions. Nothing in the record suggests that Minor's counsel was derelict in his efforts to obtain the discovery in a timely manner. Minor's counsel's affidavit accompanying the motion for reconsideration further clarified that the video provided the source for the issues raised in the motion to suppress, which Minor's counsel was not aware of until December 29, 2020. Given the foregoing, including the added challenges created by the COVID-19 pandemic, we cannot say that the timing of the filing of Minor's counsel's motion for leave was unreasonable.

{¶17} Minor's argument has merit, and his assignment of error is sustained.

III.

{¶18} Minor's assignment of error is sustained. The judgment of the Medina Municipal Court is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgement reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN T. FORRISTAL, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, MEGAN A. PHILBIN, and ROBERT CAMPBELL, Prosecuting Attorneys, for Appellee.