[Cite as *State v. Williams*, 2024-Ohio-1912.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2023CA0070-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS WAYNE WILLIAMS | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 22TRC06638 |

DECISION AND JOURNAL ENTRY

Dated: May 20, 2024

HENSAL, Judge.

{¶1} Thomas Williams appeals his conviction for operating a vehicle while under the influence of alcohol. This court affirms.

I.

{¶2} On December 19, 2019, Mr. Williams was charged with driving under the influence of alcohol in violation of Revised Code Section 4511.19(A)(1)(a), operating a vehicle with a prohibited concentration of alcohol in his breath in violation of Section 4511.19(A)(1)(d), and a marked lanes violation under Section 4511.33(A). Mr. Williams was arraigned on December 22, 2022. On January 31, 2023, forty days after his arraignment, Mr. Williams filed a motion requesting an extension of time to file pretrial motions. In that motion, Mr. Williams' attorney maintained that he had prepared a motion to suppress but was unable to complete it without access to Intoxilyzer data that he had requested from the State. The trial court denied the motion because it was filed after the deadline provided by Traffic Rule 11(C) had passed.

{¶3} On February 17, 2023, Mr. Williams filed another motion that requested leave to file a motion to suppress. In that motion, he argued that he had not previously been aware that Intoxilyzer data was available online. He also noted that his proposed motion to suppress raised "viable issues * * * as to reasonable and articulable suspicion for the investigatory stop, and reasonable suspicion to extend the detention and to request [Mr. Williams] to exit his vehicle for the purpose of administering standardized field sobriety testing." The trial court determined that the motion for leave constituted a motion to reconsider its prior ruling, contained statements that contradicted Mr. Williams' previous motion, and offered no explanation for his failure to request an extension of time during the period provided by Traffic Rule 11(C). For those reasons, the trial court concluded that Mr. Williams had not demonstrated good cause that would relieve him of the waiver of pretrial motions provided by Traffic Rule 11(C) and Criminal Rule 12(H).

{¶4} Mr. Williams pleaded no contest to driving under the influence of alcohol, and the trial court dismissed the remaining charges. The trial court found him guilty of driving under the influence, fined him $60, imposed a nine-month license suspension, and sentenced him to three days in jail with credit for participation in a DUI program. Mr. Williams appealed, raising two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MR. WILLIAMS'] MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS EVIDENCE.

**{¶5}** Mr. Williams' first assignment of error argues that the trial court erred by denying his untimely motion for an extension and his motion for leave to file an untimely motion to suppress. This Court does not agree.

**{¶6}** Traffic Rule 11(C) requires all pretrial motions to be filed "within thirty-five days after arraignment or seven days before trial, whichever is earlier." A court may, "in the interest of justice," extend the time for filing pretrial motions. *Id.* Failure to timely file motions under Rule 11(C) constitutes waiver, "but the court for good cause shown may grant relief from the waiver." Traf.R. 11(F). Two different standards, therefore, apply. When a defendant requests additional time to file a motion before the period set forth in Rule 11(C) expires, the trial court may grant the request "in the interest of justice." *Id.* "If, however, the time period has already expired, the defendant has waived the opportunity to file the motion absent demonstrating good cause for the untimely filing." *State v. Minor*, 9th Dist. Medina No. 21CA0022-M, 2022-Ohio-327, ¶ 10, citing Traf.R. 11(F) and Crim.R. 12(H). This Court reviews an order that grants or denies leave to file an untimely motion to suppress for an abuse of discretion. *Id.* at ¶ 11.

**{¶7}** Mr. Williams' motion to extend the time for filing pretrial motions was filed more than thirty-five days after he was arraigned. His failure to file pretrial motions within the timeframe provided by Rule 11(C) operated as a waiver. *See* Traf.R. 11(C). The standard for evaluating his motion was, therefore, whether he had demonstrated good cause for untimely filing – not whether the interests of justice compelled the trial court to grant additional time. *See* Traf.R. 11(C); Traf.R. 11(F); *Minor* at ¶ 10. Mr. Williams' first motion, however, relied upon the wrong standard: he did not acknowledge that the motion was untimely, nor did he argue that good cause for the untimely filing existed. In the absence of any argument demonstrating good cause for the

delay, this Court cannot conclude that the trial court abused its discretion by denying Mr. Williams' first motion.

{¶8} Mr. Williams' second motion – which he characterized as a motion for leave to file a motion to suppress – was filed twenty-two days after the timeframe provided by Rule 11(C) expired and after the trial court denied his first motion. As the trial court explained, that motion was properly characterized as a motion for reconsideration of the trial court's ruling on his untimely motion to extend the filing deadline. This Court reviews the denial of that motion for reconsideration for an abuse of discretion. *See Giant Ohio, LLC. v. Jaber*, 9th Dist. Summit No. 27861, 2016-Ohio-5023, ¶ 12.

{¶9} In his second motion, Mr. Williams addressed his arguments to the trial court's decision denying the first motion. He maintained that he was not aware that Intoxilyzer data was available online before he received that order, asserted that his motion to suppress would raise "viable issues[,]" and argued that he should not be penalized for delay in filing after the trial court ruled on the first motion. His arguments, however – and particularly his arguments related to the discoverability of the Intoxilyzer data – did not explain why he was justified in filing his first motion after the deadline under Traffic Rule 11(C) passed. Because Mr. Williams' second motion still failed to address whether he had good cause for requesting an extension of time *after* the deadline passed, the trial court did not abuse its discretion by denying that motion as well.

{¶10} Because Mr. Williams did not demonstrate good cause that justified granting relief from waiver under Traffic Rule 11(C) and (F), this Court concludes that the trial court did not abuse its discretion by denying his motions. Mr. Williams' first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN DETERMINING THAT THE COMPUTERIZED ONLINE BREATH ARCHIVES (COBRA) DATA FOR THE

INTOXILYZER 8000 BREATH ALCOHOL TESTING MACHINE WAS NOT DISCOVERABLE EVIDENCE UNDER OHIO CRIMINAL RULE 16.

**{¶11}** In his second assignment of error, Mr. Williams argues that the trial court erred by denying his second motion on the alternative grounds that the Intoxilyzer data was not discoverable. Assuming that this is an accurate representation of the trial court's alternative basis for denying Mr. Williams' second motion, this Court has concluded that the trial court did not abuse its discretion by denying that motion on the basis that Mr. Williams did not demonstrate good cause for untimely filing. His second assignment of error is, therefore, moot. *See* App.R. 12(A)(1)(c).

## III.

**{¶12}** Mr. Williams' first assignment of error is overruled. His second assignment of error is moot. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR

APPEARANCES:

HECTOR G. MARTINEZ, JR., Attorney at Law, for Appellant.

ROBERT B. CAMPBELL and MEGAN A. PHILBIN, Prosecuting Attorneys, for Appellee.